IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:11CR243 |
| | ) | |
| V. | ) | |
| | ) | |
| MARIA RODRIGUEZ-SANCHEZ, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's Motion to Dismiss and Request Hearing (filing 16) and Motion to Dismiss Indictment or in the Alternative to Strike Superfluous Language and for a Bill of Particulars (filing 18). For the reasons set forth below, both of Defendant's motions will be denied.

## BACKGROUND

Maria Rodriguez-Sanchez applied for work at Sparkling Klean, Inc., on April 13, 2010. At that time, she presented a Kansas identification card issued in the name of Rosa Eloisa and a Social Security Card issued in the name of Rosa Eloisa, SSN XXX-XX-7438 as means of identification. In addition, on the I-9 form she completed as part of the application process, she claimed to be a United States citizen.

In February 2011, agents from Homeland Security Investigations ("HSI") identified several people employed by Sparkling Klean whose names were associated with complaints of identity theft made to the Federal Trade Commission ("FTC"). One such complaint was made by the individual to whom SSN XXX-XX-7438 had actually been assigned, the same SSN used by Rodriguez-Sanchez to obtain employment at Sparkling Klean.

On June 24, 2011, HSI agents encountered Rodriguez-Sanchez outside her residence

in Omaha, Nebraska.[1] The agents identified themselves and asked Rodriguez-Sanchez her name. She responded, "Maria Rodriguez-Sanchez." In response to two additional questions, Rodriguez-Sanchez told the agents that she was born in Mexico and that she did not have any paperwork or permission to live or work in the United States. At that time, the agents arrested Rodriguez-Sanchez and took her into custody.

**ANALYSIS**

Two separate and distinct motions are currently before the court: Motion to Dismiss and Request Hearing (filing 16) and Motion to Dismiss Indictment or in the Alternative to Strike Superfluous Language and for a Bill of Particulars (filing 18). Each will be addressed in turn below.

**I.     Motion to Dismiss and Request Hearing**

Defendant, Maria Rodriguez-Sanchez, filed a motion seeking dismissal with prejudice of the criminal case brought against her arguing that an untimely judicial probable cause determination violated her rights under the Fourth Amendment and Federal Rule of Criminal Procedure 5(a). Specifically, Defendant contended that her right to a judicial determination of probable cause was violated following her arrest by HSI agents on June 24, 2011. In her Motion to Dismiss, Rodriguez-Sanchez alleged that following her warrantless arrest by HSI agents on June 24, 2011, federal marshals detained her for thirty-six days before bringing her before a magistrate on July 29, 2011, for an initial appearance. (Filing 16.)

During a hearing on today's date, Defendant's counsel informed the court that Defendant was not detained as previously believed. Defendant now concedes that she was detained on June 24, 2011, and released that same day. She was arrested again on or about July 28, 2011, and released on July 29, 2011. Therefore, the grounds for Defendant's Motion to Dismiss are baseless. Accordingly, Defendant's Motion to Dismiss will be denied.

---

[1] The agents used a photo of the employee known to Sparkling Klean as Rosa Eloisa to identify her.

**II.     Motion to Dismiss Counts of Indictment**

Rodriguez-Sanchez seeks to dismiss Counts I and III of the original Indictment because they are vague, duplicitous, and superfluous. (Filing 18.) Alternatively, she asks that superfluous language in Counts I and III be stricken and requests an order for a Bill of Particulars as to the original three counts of the Indictment. (*Id.*) The court will deny Defendant's requests.

Rodriguez-Sanchez asserts Counts I and III of the Indictment are facially defective in that they do not allege every element of the offense. Specifically, she claims Counts I and III of the Indictment fail to adequately allege the elements of benefit under INA § 274(a) and the purpose of misuse of a social security card, respectively. (Filing 19.) Further, she asserts Count II "fails to specify the conduct that is sought to be punished with any specificity." (*Id.*)

The Federal Rules of Criminal Procedure provide that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter,* 270 F.3d 731, 736 (8th Cir. 2001). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.*

Rodriguez-Sanchez claims that Count I fails to state a claim because a state identification card is not a document used to obtain a benefit. First, Defendant's position overlooks the fact that two forms of identification are required to complete an I-9 Form. A state identification card is an authorized form of identification under 8 U.S.C. § 1324a(b)(1)(D), and is identified as such on the back side of the Form I-9. Here, Defendant

3

used a Kansas Identification Card when completing her I-9 Form at Sparkling Klean. Thus, it is apparent that she used the Kansas Identification Card to obtain the benefits of employment. Therefore, the request for dismissal of Count I is without merit.

Rodriguez-Sanchez also claims that Count III fails to provide fair notice of the specific benefit at issue. ([Filing 19](#).) After a review of the Indictment, the court concludes that Count III also tracks the statute charged. In addition, based on the discovery provided, it is clear that the government is alleging several benefits, all related to Defendant's employment. Accordingly, because the charge tracks the language of the statute, and is easily understood with a review of the discovery materials already provided (the I-9 Form), the court concludes that Defendant's request to dismiss Count III is likewise without merit.

Lastly, Rodriguez-Sanchez requests a bill of particulars. "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." [*United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir.2009)](#) (citing [Fed. R. Crim. P. 7(f)](#)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." [*Id*.](#) (internal quotations omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." [*Id*.](#)

After a full review of the Indictment and other relevant materials, the court concludes that a Bill of Particulars is unnecessary and unwarranted. This is especially true given that the government has disclosed a significant amount of discovery materials. The fundamental purpose of a bill of particulars is to inform Defendant of the nature of the charges against her, to prevent or minimize the element of surprise at trial, and to enable her to plead her acquittal or conviction in bar of another prosecution for the same offense when then indictment is too vague and indefinite. After a full review of the record, the court concludes that the Indictment fairly informs Defendant of the charges against her, and alleges sufficient information to enable her "to understand the nature of the charges, prepare a defense, and avoid unfair surprise [at trial]." [*United States v. Huggans*, Nos. 09-3441/10-3384, 2011 WL 3611604, at \*5 (8th Cir. Aug. 18, 2011)](#). Because nothing more is required, Defendant has

4

failed to demonstrate that a bill of particulars is necessary in this case.

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Dismiss and Request Hearing ([filing 16](filing 16)) is denied.

2. Defendant's Motion to Dismiss Indictment or in the Alternative to Strike Superfluous Language and for a Bill of Particulars ([filing 18](filing 18)) is denied.

### NOTICE

Pursuant to [NECrimR 59.2(a)](NECrimR 59.2(a)), a party may appeal this order by filing a "Statement of Objections to Magistrate Judge's Order" no later than Friday, October 21, 2011.

**DATED October 14, 2011.**

            **BY THE COURT:**

            **S/ F.A. Gossett**
            **United States Magistrate Judge**